450 A.2d 63

**COMMONWEALTH of Pennsylvania**

**v.**

**Ralph WHITE, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1982.

Filed Aug. 27, 1982.

Daniel M. Preminger, Philadelphia, for appellant.

Kenneth S. Gallant, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence was insufficient to support his conviction for conspiracy and that his counsel was ineffective in failing to interview and call certain eye-witnesses. Although we find the evidence sufficient, we agree that counsel was ineffective and, accordingly, reverse

the order and judgment of sentence of the lower court and grant a new trial.

On the evening of December 4, 1978, Robert Dolison approached the victim, James Helm, and his girlfriend, Myrtle Carter, and asked why Helm was carrying a baseball bat. Observing a group of youths on the corner, Helm replied that it was for protection from dogs roaming the neighborhood. A scuffle ensued between the two, and as the pushing continued, appellant ran by Ms. Carter's left side and punched Helm in the back of the head. Within seconds, Gregory Dolison ran by Ms. Carter's right side and stabbed Helm in the back. Appellant and Gregory then ran off in the same direction. Helm subsequently died and appellant was charged with murder and criminal conspiracy. After a jury trial, he was acquitted of murder, but found guilty of conspiracy and sentenced to five-to-ten years imprisonment. Following the appointment of new counsel and the filing of an appeal, this Court remanded for an evidentiary hearing on trial counsel's effectiveness. After the hearing, the lower court found counsel effective. This appeal followed.

■ Appellant contends first that the evidence was insufficient to support his conviction for conspiracy. We disagree. "The test of the sufficiency of the evidence is whether viewing the evidence in the light most favorable to the Commonwealth, the trier of fact could reasonably have found all the elements of the crime had been established beyond a reasonable doubt." *Commonwealth v. Eckert,* 244 Pa.Superior Ct. 424, 428, 368 A.2d 794, 795, 796 (1976). "[F]or a defendant to be convicted of conspiracy, the Commonwealth must prove his involvement in an agreement to accomplish a criminal objective and the commission of an overt act in pursuance of the conspiracy." *Commonwealth v. Lewis,* 276 Pa.Superior Ct. 451, 457, 419 A.2d 544, 547 (1980). *See* 18 Pa. C.S.A. § 903. "A conspiracy may be inferentially established by showing the relation, conduct or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed."

*Commonwealth v. Anderson,* 265 Pa.Superior Ct. 494, 500, 402 A.2d 546, 549 (1979), quoting *Commonwealth v. Horvath,* 187 Pa.Superior Ct. 206, 211, 144 A.2d 489, 492 (1958). Appellant testified that after the fight had started, someone in the crowd of youths gathered at the corner yelled "you get [Robert Dolison] and some of us get Mr. Helm." (N.T. May 18, 1979 at 124). Ms. Carter testified that appellant and Gregory Dolison attacked Helm within seconds of one another and then ran off together in the same direction. Appellant also testified that Gregory Dolison told him that "I got [Helm] two times," as he wiped his knife off in the grass. The jury could have concluded that appellant and Gregory Dolison agreed to attack and did in fact attack Helm, and thus, the evidence was sufficient to support the verdict.

Appellant contends also that his trial counsel was ineffective in failing to find, interview, and call at trial, certain eyewitnesses. We agree. In reviewing claims of ineffective assistance of counsel, "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). "It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." *Commonwealth v. Bailey,* 480 Pa. 329, 336, 390 A.2d 166, 170 (1978) (plurality opinion), quoting ABA Standards Relating to the Defense Function, § 4.1. Although counsel's failure to interview witnesses about whom he neither knew, nor should have known does not constitute ineffectiveness, *Commonwealth v. Robinson,* 487 Pa. 541, 410 A.2d 744 (1980), he must investigate those he knows or has reason to know would be helpful to the defense. *See Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976). "In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to

explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel." *Commonwealth v. Twiggs,* 460 Pa. 105, 111, 331 A.2d 440, 443 (1975). *Accord, Commonwealth v. Abney,* 465 Pa. 304, 350 A.2d 407 (1976). Though counsel may have a legitimate strategy for not calling eyewitnesses at trial, "there is no basis for the decision not to interview them nor attempt to do so." *Commonwealth v. Mabie, supra,* 467 Pa. at 475, 359 A.2d at 374. Despite being aware that the incident took place before a group of people and that appellant named two eyewitnesses in his statement to the police, counsel did not seek to have an investigator hired to locate possible eyewitnesses, nor did he investigate the scene himself. He left the task of finding the two named eyewitnesses to appellant's family. Placing the burden on a defendant's family in circumstances such as these does not constitute a reasonable attempt to interview them. *Commonwealth v. Williams,* 273 Pa.Superior Ct. 147, 416 A.2d 1132 (1979). Moreover, at the evidentiary hearing, appellant's present counsel produced one of the named witnesses and a second eyewitness through the use of an unlicensed investigator. Both witnesses corroborated appellant's testimony that he was merely trying to break up the fight when Helm was stabbed. Trial counsel testified that based upon discussions with appellant and his family, he determined that the witnesses' testimony would only complicate the case. However, he admitted that had he interviewed the witnesses, his conclusion not to call them may have differed.[1] We would not second guess counsel's decision had he actually interviewed the witnesses and then determined that their testimony would unnecessarily compli-

1. The lower court found that as a result of conversations with appellant and his family, counsel concluded that the witnesses' testimony would be of little assistance. We cannot agree that counsel was able to intelligently and effectively make that decision by merely speaking to appellant and his family. Counsel admitted that had he spoken to the witnesses, his view may have changed. Thus, his decision not to interview the witnesses cannot be considered to have been designed to effectuate appellant's interests.

cate the case.[2]  However, counsel did not interview, nor take reasonable steps to interview the witnesses and consequently he was unable to make an informed, independent decision on the value of their testimony.  Counsel's decision not to investigate the witnesses cannot be said to have been reasonably designed to effectuate his client's interests and thus, we must reverse the judgment of sentence and grant a new trial.

Order and judgment of sentence reversed and a new trial granted.

2.  The lower court's finding that one of the eyewitnesses was "dimwitted," and a poor witness in no way diminishes counsel's original obligation to interview and evaluate the witness himself.