456 A.2d 1345

COMMONWEALTH of Pennsylvania

v.

John H. GUEST, Jr., Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 28, 1983.

Decided March 11, 1983.

Thomas Bruno, II (Court-appointed), Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Frances G. Gerson, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

This is an appeal from judgments of sentence imposed by the Court of Common Pleas of Philadelphia on verdicts of guilty of voluntary manslaughter and possession of an instrument of crime. Because the record fails to establish appellant's entitlement to relief, we affirm.

The charges against appellant, which included murder of the third degree, stemmed from the stabbing death of George Castlebury on November 9, 1978. The Commonwealth's evidence established that on that evening appellant's girlfriend, Joyce Jamison, left the apartment which she shared with appellant and went to a local bar following an argument with appellant. Outside of the bar, Castlebury approached Jamison and began to speak with her. Appellant, who had apparently followed Jamison from their apartment, approached Jamison and told Jamison to come with him. Jamison continued to talk with Castlebury. Appellant entered the bar, obtained a knife from a patron, and hid the knife inside his shirt sleeve. Appellant then went outside and asked Castlebury what he and Jamison had been discussing. Castlebury pulled out a knife and told appellant, "I'm not going to let you hurt me." Appellant replied, "I'm not going to let you hurt me either," pulled out his knife, and began a fight with Castlebury. During the altercation, appellant stabbed the victim in the chest. Two officers who had witnessed the stabbing from across the street immediately apprehended appellant. The victim died as a result of the stab wound later that evening.

At trial, appellant maintained that he had been threatened with a knife by Castlebury at the moment that appellant first approached Jamison, and that it was Castlebury who had initiated the fight as soon as appellant had left the bar. After two days of testimony, the court acquitted appellant of the murder charge but found him guilty of voluntary manslaughter and possession of an instrument of crime. Following trial, new counsel was appointed to represent appellant. After an evidentiary hearing on appellant's claims of ineffective assistance, appellant was sentenced to a term of imprisonment of four to ten years for voluntary manslaughter and to a consecutive term of two to five years on the charge of possession.

■ Appellant contends that the Commonwealth failed to prove beyond a reasonable doubt that the killing was not an act of self-defense. This contention, however, is predicated not upon the testimony of the Commonwealth's witnesses, whose version of the killing was accepted by the factfinder, but upon appellant's own testimony, which the factfinder rejected. "It is a basic tenent of our system of jurisprudence that issues of credibility are properly left to the trier of fact for resolution." *Commonwealth v. Whack*, 482 Pa. 137, 140, 393 A.2d 417, 419 (1978). "The factfinder is free to believe all, part, or none of the evidence." *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975). As appellant has presented no basis for disturbing the factfinder's resolution of the credibility of the witnesses who testified at trial, appellant's contention cannot prevail.[1]

■ Appellant's second contention, that a statement which he had given to police was improperly admitted at trial, is based upon appellant's suppression hearing testimony that he had been drinking the entire day of the incident and that he was intoxicated at the time that he agreed to be inter-

1. Appellant also alleges that the evidence was insufficient to support his conviction of possession of an instrument of crime. It is clear, however, that the evidence, including appellant's own testimony that he used a knife to stab the victim, more than amply supports the contention.

viewed by police. Appellant argues that his waiver of his *Miranda* rights and subsequent statement were involuntary as a result of his allegedly inebriated condition. The Commonwealth, however, refuted this testimony through the testimony of a number of witnesses who stated that immediately after the stabbing and at the time that the statement was given, appellant had been oriented, responsive and sober. Faced with this conflicting testimony, the suppression court, as factfinder, could properly credit the testimony of the Commonwealth's witnesses regarding appellant's condition. See *Commonwealth v. Rose,* 483 Pa. 382, 396 A.2d 1221 (1979); *Commonwealth v. Firth,* 479 Pa. 333, 388 A.2d 683 (1978).

Appellant also challenges the effectiveness of his trial counsel in several respects. As in every case where the effective assistance of counsel is at issue, we are governed by the standard enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1976):

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interest. The test is *not* whether alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis."

427 Pa. at 604–05, 235 A.2d at 352–53 (emphasis in original).[2]

■ Appellant first contends that trial counsel was ineffective for failing to call as a witness the bartender who had been on duty on the night of the incident. It is well settled that the failure of trial counsel to call a particular witness does not constitute ineffective assistance unless there is

2. In addition to the claims discussed in text, appellant also claims that counsel was ineffective for failing to object to the introduction of the coroner's report at trial on the basis that appellant's recollection of the height and weight of the man whom he had stabbed differed from the height and weight of the deceased who had been described in the report. This contention is wholly without merit.

some showing that the testimony of the absent witness would have been helpful to the accused. *Commonwealth v. Hawkins,* 445 Pa. 279, 284 A.2d 730 (1971). Here, appellant did not make any offer of proof as to the nature of the bartender's testimony, nor does the record indicate in what respect the bartender's testimony could have advanced appellant's cause. In these circumstances, counsel's failure to call the bartender cannot be deemed to be ineffective assistance.

■ Appellant next contends that counsel should not have informed the suppression court that the defense might call a handwriting expert to testify concerning a statement which the police had transcribed and which appellant had signed. Although the expert's presence in the courtroom was noted on the record by counsel, the witness was never called to testify. Appellant claims that the reference to an expert witness who was not called to testify improperly gave rise to the inference that the witness could not support appellant's claim that he had not signed the statement. The record is clear, however, that the suppression court did not draw any such inference, but instead reasoned that

"[t]he mere presence of a handwriting expert, subpoenaed to testify for [appellant] and her appearance in the courtroom, when she was not called to testify as a witness by either [appellant] or the Commonwealth, has no legal effect in this matter. . . . "

As the trial court did not draw an adverse inference, there is no basis for relief on this ground. See, e.g., *Commonwealth v. Davis,* 491 Pa. 363, 372 n. 6, 421 A.2d 179, 183 n. 6 (1980).

■ Appellant's final claim is based upon trial counsel's decision to inform the court that he might be forced to request a hearing pursuant to *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973). Appellant contends that, through counsel's informing the court of the possible need for such a hearing, the trial court, sitting as factfinder, was needlessly made aware of appellant's criminal record. Here the trial court expressly stated:

"With regard to the *Bighum* question, you may be assured that I will not in any way consider the fact that you have indicated that there may be a *Bighum* issue and [that appellant] may have a prior record. That is not relevant to this case, and I will not consider such."

In light of the trial judge's express statement that he was not influenced by the reference to the *Bighum* issue, appellant's claim cannot prevail. See *Commonwealth v. Davis,* supra.

Judgments of sentence affirmed.