488 A.2d 45

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bray MURRAY.**

Superior Court of Pennsylvania.

Argued June 7, 1984.

Filed Jan. 30, 1985.

---

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

A. Balfour Smith, Philadelphia, for appellee.

Before McEWEN, TAMILIA, and CERCONE, JJ.

CERCONE, Judge:

This is an appeal by the Commonwealth from the order of the court below awarding appellee, Bray Murray, a new trial on the ground that he was denied the effective assistance of trial counsel. We reverse.

The relevant events giving rise to this appeal are as follows. In August of 1982, appellee was tried by a jury and found guilty of first degree murder and a weapons offense, but acquitted of robbery. The Commonwealth's evidence established that on November 7, 1981, at approximately 8:30 p.m., appellee and the decedent, Eric Taylor, were customers of the P and D Bristol Bar in Philadelphia. Appellee exited the bar and waited outside where he was overheard saying to himself: "Wait till the motherfucker come out the bar." When Eric Taylor emerged from the bar, appellee grabbed him from behind and said, "Give me your money, pussy." Immediately thereafter, appellee repeatedly stabbed Taylor with a ten-inch dagger. Appellee then ran away, leaving Taylor bleeding heavily and leaning against a parked automobile.[1] Mr. Taylor died six days later as a result of multiple stab wounds.

The only defense testimony was that of appellee's companion, Kevin Mathis a/k/a Gilmore. According to him, Taylor and appellee had a verbal argument inside the bar and when they went outside Taylor was the first to brandish a knife. He further testified that appellee responded by seizing Taylor with one hand and repeatedly stabbing him with the other.

Appellee's motion for a new trial alleged, *inter alia*, the ineffectiveness of trial counsel and this resulted in the appointment of new counsel. New counsel filed an amended motion for new trial alleging that trial counsel had been ineffective in several respects including the following:

1. After the attack ceased and appellee was some eighty feet away, Mr. Taylor was observed taking out and opening his own knife, but he then closed it and put it away.

"(a) That [appellee] requested his Counsel to contact and call four witnesses to testify in his favor, to wit, Carolyn and Christine Jones; Andre Jackson; and one Jill (whose last name is unknown); and his counsel failed to contact said witnesses.

(b) That Counsel failed to Petition the Court for the appointment of an investigator when there was a compelling need for same."

At an evidentiary hearing held by the trial judge, testimony on the ineffectiveness issue was taken from appellee, his mother and trial counsel. Although appellee admitted that on the date of his arrest he named only Mathis as an eyewitness to the detective who interrogated him, he maintained that he had advised counsel well before trial of the previously noted additional alleged witnesses and that counsel had promised to conduct an investigation. Appellee further testified that the three female alleged witnesses were contacted by his mother, but they refused to testify.[2]

Appellee's mother, however, testified she did not ask the three women to testify because her son told her that he did not want to involve them. She further stated that although she spoke to Andre Jackson, he had no address and he was afraid to testify.

Trial counsel denied that appellee ever informed him of either Jones' woman. Counsel stated that appellee could not furnish an address for Andre Jackson, and that appellee's family had advised him that Jackson would not cooperate. He testified that appellee had mentioned that there were other witnesses, but was unable to give him any names or addresses. Counsel stated that although he constantly emphasized to appellee and his mother the importance of locating potential witnesses, he did not seek the aid of a professional investigator. He explained that he did not retain an investigator because all the potential witnesses were friends and people in the neighborhood and it had been his experience that if these people would not cooperate with

2. Appellee did not know where the alleged witness, Andre Jackson, lived.

appellee and his family, a professional investigator would be unavailing.

None of the allegedly exculpatory eyewitnesses appeared at the evidentiary hearing.[3] Moreover, appellee never established what they would testify to had they appeared or how their absence at trial prejudiced him. Nonetheless, the court below, relying on *Commonwealth v. White*, 303 Pa. Superior Ct. 550, 450 A.2d 63 (1982), awarded a new trial on the ground that because trial counsel knew that the fight took place before a group of people, he was ineffective in failing to employ a professional investigator to locate any witnesses, as opposed to depending upon the efforts of appellee and his family.

It is axiomatic that counsel is presumed to have rendered effective assistance and that the burden of proving to the contrary rests with the defendant. *Commonwealth v. Dunbar*, 503 Pa. 590, 470 A.2d 74 (1983); *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981); *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980). "Moreover, the courts of this State have repeatedly said that counsel will not be deemed ineffective in the absence of some showing that the defendant was prejudiced by counsel's alleged shortcomings." *Commonwealth v. Litzenberger*, 333 Pa.Superior Ct. 471, 482, 482 A.2d 968, 974 (1984) (citations omitted). Thus, where a defendant alleges that his attorney was ineffective in failing to investigate, interview and/or call witnesses in his defense, there must be some demonstration that their testimony would be helpful. *See e.g., Commonwealth v. Anderson*, 501 Pa. 275, 287, 461 A.2d 208, 214 (1983) ("to persuade a reviewing court that counsel's investigation was sufficiently deficient so as to warrant a new trial, an appellant must allege more than a bare assertion that counsel failed to interview 'X, Y or Z' and their testimony would have been helpful, for claims of ineffectiveness cannot be abstractly reviewed in a vacuum. *Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332

---

3. New counsel candidly admitted his own inability to locate the putative witnesses.

(1981) and *Commonwealth v. Wallace,* 495 Pa. 295, 433 A.2d 856 (1981)."); *Commonwealth v. Wade,* 501 Pa. 331, 335, 461 A.2d 613, 615 (1983) ("[defendant] has failed to meet his burden of proving that [the uncalled witness'] testimony at trial could have established an alibi defense, and hence that counsel was ineffective. *See Commonwealth v. McKenna,* 498 Pa. 416, 446 A.2d 1274, 1276 (1982)."); *Commonwealth v. Guest,* 500 Pa. 393, 398, 456 A.2d 1345, 1348 (1983) ("appellant did not make any offer of proof as to the nature of the [uncalled witness'] testimony, nor does the record indicate in what respect the [witness'] testimony could have advanced appellant's cause. In these circumstances, counsel's failure to call the [witness] cannot be deemed to be ineffective assistance."); *Commonwealth v. Pettus,* supra, 492 Pa. at 563, 424 A.2d at 1335 ("[t]rial counsel's failure to gather and marshall said evidence on appellant's behalf could constitute ineffectiveness only if such evidence existed."); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 609–10, 235 A.2d 349, 355 (1967) ("absent a demonstration that the missing testimony would be helpful, [the claim] cannot be equated with a conclusion of ineffective assistance."); *Commonwealth v. Whyatt,* 327 Pa.Superior Ct. 491, 498, 476 A.2d 374, 377 (1984) ("there must be some showing that the witnesses not interviewed were equipped with information which might expand the admissible evidence."); *Commonwealth v. Bailey,* 322 Pa.Superior Ct. 249, 262, 469 A.2d 604, 611 (1983) ("trial counsel's failure to call possible witnesses will not be equated with a conclusion of ineffectiveness of counsel absent some positive demonstration that their testimony would have been helpful to the defense.").

Notwithstanding his failure to adduce any evidence whatsoever that the uncalled witnesses would have aided his defense, appellee, citing primarily *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976), maintains that counsel's omission in not retaining a professional investigator to search for witnesses was in and of itself ineffective assist-

ance compelling a new trial. Appellee's reliance on *Mabie* is clearly misplaced.

■ In *Commonwealth v. Wallace,* supra, 495 Pa. at 298, 433 A.2d at 858, the court rejected a similar contention and distinguished *Mabie* on the basis that "there were records and witnesses available to the defense, whereas in the case before us appellant has alleged no benefit that could have resulted from counsel's investigation." More recently, this court in *Commonwealth v. Whyatt,* supra, 327 Pa.Superior Ct. at 498, 476 A.2d at 377 observed that *Commonwealth v. Barren,* 273 Pa.Superior Ct. 492, 498–499, 417 A.2d 1156, 1159 (1979), had construed the *Mabie* decision as follows:

> [Mabie] should not be indiscriminately expanded to require defense counsel upon the threat of being declared ineffective, to interview all conceivable witnesses irrespective of the nature or extent of the potential information. Trial counsel's failure to interview potential witnesses will not be equated with ineffective assistance in the absence of a showing that his or her testimony would have advanced the fact finding process.

In short, it is abundantly clear that the failure to conduct a more thorough investigation or to interview all potential witnesses does not constitute *per se* ineffectiveness. Rather, the touchstone is—as it has always been—whether the defendant has been prejudiced by his attorney's alleged ineffectiveness. *Commonwealth v. Litzenberger,* supra.

■ Furthermore, the trial court's reliance upon *Commonwealth v. White,* supra, was likewise misplaced. In *White* we granted a new trial because the record established that not only had counsel failed to find, interview and call *known* eyewitnesses, but, most importantly, the witnesses appeared at the evidentiary hearing and established that had they been called at trial their testimony would have been exculpatory. This is a far cry from the case *sub judice.* Instantly, not only have the alleged witnesses never been produced, there is no indication whatsoever that their testimony—assuming that they do exist and were willing to testify—would be helpful to appellee. According-

ly, we hold that on this record the lower court erred in finding counsel ineffective and awarding appellee a new trial.

The order awarding a new trial is reversed and the case is remanded for sentencing. Jurisdiction relinquished.