504 A.2d 278

COMMONWEALTH of Pennsylvania

v.

Elwood MILESHOSKY, Appellant.

Superior Court of Pennsylvania.

Submitted June 4, 1985.

Filed Jan. 28, 1986.

128

Vincent J. Ziccardi, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

WICKERSHAM, Judge:

Elwood Mileshosky was tried before the Honorable Angelo A. Guarino and a jury in March of 1980 on various charges relating to an incident with three young schoolgirls on September 11, 1979.

Q. Now, when you got into the woods area, can you tell us what happened from that point?

A. He said—Colleen started running. He said, "Get back here or I'll blow off your head." Tara and I screamed. Colleen came back. Do you want me to tell you what happened?

Q. Yes.

A. Then he said, "All right. Now, everybody be quiet and pull up their skirts." And I turned around and I said, "No." I said, "You're a phony. You're a fake. That's only a water pistol. What are you trying to do?"

He said, "you want to feel it in your side?"

I said, "No."

He said, "feel the gun." So he put it out. I put my hand on it to see, and he pulled it back.

Q. What did the gun feel like?

A. A heavy metal.

Q. Did you believe at that time it was in fact a real gun?

A. Yes. So then he said, "Pick up your skirts," again. I turned around and said, "No. can't. I'm getting real nervous."

     \*     \*     \*     \*     \*     \*

He pushed me on the ground and he just pushed me back, broke my necklace. I was sitting on the ground shaking.

Then he told my sister and Colleen to pick up their skirts and pull down their panties. So they pulled them down. He—

A. (Continued) Then he told Colleen to come. He said, "Come here." He told her to kneel down in front of him. That's—He pulled down his jogging pants.

Q. What kind of clothing was he wearing at the time?

A. He had a white like football jersey on that came right above the elbow. It had a red rim around it, and then it had red block lettering on it. And medium blue jogging pants with red stripes along the side, and gold and blue [jogging] shoes.

Q. Okay. And now you described that he took some action toward Tara and Colleen at that point. Can you describe for us nice and slow what he did?

A. Well, after he pulled down his pants, Colleen said— saw like there's a belt around his stomach. And he said, "Haven't you ever seen a c—— before?" Because that's when he pulled out his penis.

\* \* \* \* \* \*

Then he said, "Come here." She kneeled in front of him and he took out his penis and he said, "Put it in your mouth."

So like she was pulling away, and he was like putting it in farther, farther. Then he told her to suck on it. So I guess she did for a while., Like it was almost a minute. Then like she kept on trying to pull her head back, but he was holding her by her hair. He finally let her go.

Then he said, "Okay. I'll be there for a while."

He told my sister to come in front of him and kneel in front of him. And in order for her to do that he started playing with his penis.

Q. Did you sister kneel in front of him?

A. Yes, she did.

Q. While she was kneeling in front of him, is that when he was playing with his penis?

A. Right before she knelt in front of him.

So then he said, "Put it in your mouth." So she put it in. He started to ejaculate. And he said, "Swallow it." And my sister just kept on gagging[.]

N.T., March 19, 1980, 3.44–3.48.

He was convicted of terroristic threats and simple assault as to all three girls and involuntary deviate sexual intercourse as to two of the girls and possession of an instrument of crime generally. He was later sentenced to an aggregate term of four to sixteen years. An appeal was taken and judgment of sentence affirmed. *Commonwealth v. Mileshosky*, 300 Pa.Super. 613, 446 A.2d 692 (1982). (Petition for allowance of appeal denied in the Pennsylvania Supreme Court on March 29, 1983.)

A P.C.H.A.[1] petition was filed and denied on April 25, 1984.

The present appeal followed.

Appellant presents the following issue for our consideration:

> Should this P.C.H.A. Petition case be remanded to allow the filing of an amended Petition, to consider, inter alia, whether trial counsel was ineffective in failing to call witnesses for the defense?

Brief for Appellant at 3.

In his opinion dated June 5, 1984 denying P.C.H.A. relief, Judge Blake states that:

> In the petition under consideration the defendant maintains that he is entitled to relief from the judgment of sentence in this case because of "after discovered evidence." This contention is patently frivolous. The so called after discovered evidence claim merely questions the reliability of the victims, identification of defendant as the perpetrator of the sexual assaults.

> In this case it must be noted that the victims identified the defendant at the preliminary hearing at the suppression motion and at trial. The Superior Court specifically found that the denial of the motion to suppress identification was a correct ruling. Therefore, the question of identification has been fully and finally litigated against the defendant.

> It is well settled that the defendant is not entitled to relief in a petition under the Post Conviction Hearing Act merely because he raises a new or different theory as a basis for his previously adjudicated claim where the precise issues was decided adversely to him. *Commonwealth vs. Slavik*, 449 Pa. 424 [297 A.2d 920] (1972). In addition, it is well settled that an issue which has been litigated and decided adversely to the defendant may not be relitigated under the guise of ineffective assistance of

1. 42 Pa.C.S.A., §§ 9541–9551, Act of May 13, 1982, P.L. 417, No. 122, § 2.

counsel. *Commonwealth vs. Jones,* [488 Pa. 270] 412 A.2d 503 (1980).

The defendant's claim must also fall if it is based upon the theory of after discovered evidence. It is well settled that in order to justify the grant of a new trial on the basis of after discovered evidence four criteria must be met. They are, (1) the evidence must have been discovered after the trial, (2) it must be such that it could not have been obtained at the trial by reasonable diligence, (3) it must not be cumulative or merely impeach credibility, (4) it must be such as would likely compel a different result. *Commonwealth vs. Schuck,* 401 Pa. 222 [164 A.2d 13] (1960).

The defendant has failed to meet the test set forth in the *Schuck* case and its progeny and therefore his claim for relief on the basis of after discovered evidence must also fail.

We draw the following conclusions of law:

1. Defendant is not entitled to relief on the basis of after discovered evidence.

2. Defendant is not entitled to relief on the basis of a claim of mis-identification of defendant by the victims in this particular case.

Thus, it is clear that the defendant is not entitled to the relief he seeks in the instant proceeding. Accordingly and for the foregoing reasons, we have heretofore denied his "motion for new trial based on after discovered evidence under Pennsylvania Rule of Criminal Procedure 1123(d)" which in reality was a Petition for Relief under the Post Conviction Hearing Act.

Lower ct. op. at 3–6.

■ In his brief appellant, represented by Vincent J. Ziccardi, Esquire seeks a remand to amend his P.C.H.A. petition to allege ineffectiveness of trial counsel.[2] Averments of ineffective assistance of trial counsel are properly made on appeal, which is the first instance in which appel-

---

**2.** Defendant's P.C.H.A. counsel was also defendant's trial and appellate counsel, Malcolm Berkowitz, Esquire.

lant is represented by counsel other than trial counsel. See: *Commonwealth v. Johnson,* 479 Pa. 60, 62, n. 3, 387 A.2d 834, 834, n. 3 (1978); *Commonwealth v. Cimorose,* 330 Pa.Super. 1, 7, n. 2, 478 A.2d 1318, 1321, n. 2 (1984).

■ The problem, however, is that the claimed ineffectiveness is "the failure of trial counsel to call witnesses for the defense." (Appellant's brief at 7.)[3]

What we said in *Commonwealth v. Williams,* 344 Pa.Super. 493, 496 A.2d 1213 (1985) is pertinent here:

It has also been alleged that trial counsel was ineffective "for failing to interview and call certain witnesses at trial who would have impeached the victim's credibility." This is inadequate. Appellant has neither identified the witnesses nor disclosed the nature of their contribution to the fact finding process. Counsel will not be deemed ineffective in a vacuum. See: *Commonwealth v. Anderson,* 501 Pa. 275, 287, 461 A.2d 208, 214 (1983) ("appellant must allege more than a bare assertion that counsel failed to interview 'X, Y or Z' and their testimony would have been helpful, for claims of ineffectiveness cannot be abstractly reviewed in a vacuum."); *Commonwealth v. Guest,* 500 Pa. 393, 398, 456 A.2d 1345, 1348 (1983) ("appellant did not make any offer of proof as to the nature of the [uncalled witness'] testimony, nor does the record indicate in what respect the [witness'] testimony could have advanced appellant's cause. In these circumstances, counsel's failure to call the [witness] cannot be deemed to be ineffective assistance."); *Commonwealth v. Murray,* 338 Pa.Super. 580, 585, 488 A.2d 45, 47 (1985) ("where a defendant alleges that his attorney was ineffective in failing to investigate, interview and/or call witnesses in his defense, there must be some demonstration that their testimony would be helpful."); *Commonwealth v. Whyatt,* 327 Pa.Super. 491, 498, 476 A.2d 374, 377 (1984) ("there must be some showing that the witnesses not interviewed were equipped with information which might expand the admissible evidence."). It is not

3. In fact Mr. Berkowitz called a number of witnesses in defense.

enough merely to allege the existence of "certain witnesses ... who would have impeached the victim's credibility." "Rather, an appellant must also supply a factual basis indicating (1) the identity of the witnesses; (2) that counsel knew of the existence of the witnesses; (3) the material evidence that the witnesses would have provided; and (4) the manner in which the witnesses would have been helpful to his cause." *Commonwealth v. Torres*, 329 Pa.Super. 58, 68, 477 A.2d 1350, 1355 (1984). See also: *Commonwealth v. Bradford*, 339 Pa.Super. 215, 224, 488 A.2d 628, 632 (1985). This appellant has failed to do. We will not remand for an evidentiary hearing merely because of a general, nonspecific averment that trial counsel should have interviewed or subpoenaed unidentified witnesses.

At 344 Pa.Superior Ct. 503–504, 496 A.2d 1218, 1219.

We will not remand for an evidentiary hearing merely because of a general, nonspecific averment that trial counsel failed "to call witnesses" for the defense.

Order affirmed.

TAMILIA, J., concurs in the result.