350 A.2d 791
**COMMONWEALTH of Pennsylvania**
v.
**Howard TINSLEY, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1975.

Decided Jan. 29, 1976.

330

Abraham T. Needleman, Gerald A. Stein, Needleman, Needleman, Tabb & Eisman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

NIX, Justice.

Appellant Howard Tinsley was tried and convicted of murder of the second degree by a judge sitting without a jury in the Court of Common Pleas, Philadelphia County.[1] After the denial of post-trial motions, appellant was sentenced to two and one-half to ten years imprisonment.[2] This direct appeal followed.

Appellant contends that the Commonwealth's evidence was insufficient to support the conviction. In passing upon the sufficiency of the evidence to sustain a criminal conviction, the evidence must be read in the light most favorable to the Commonwealth. *Commonwealth v. Caye*, 465 Pa. 98, 348 A.2d 136 (1975); *Commonwealth v. Williams*, 458 Pa. 319, 326 A.2d 300, 302 (1974).

1. Prior to trial, the Commonwealth had certified that the homicide charge rose no higher than murder of the second degree.

2. The original sentence of three and one-half to ten years was modified after reconsideration by the trial court.

Moreover, the test of the sufficiency of the evidence is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the trier of fact could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Cox*, 460 Pa. 566, 333 A.2d 917, 918 (1975); *Commonwealth v. Tillery*, 457 Pa. 466, 467, 326 A.2d 329, 330 (1974).

The Commonwealth's principal witness, Ms. Josephine Hayes, testified that she was in her second floor bedroom at approximately 9:30 P.M., February 23, 1973, when she heard what sounded like gunshots in the street below. Within seconds she looked out her window and saw appellant running from the area where she observed Mr. Mealy, the victim. She watched as Mr. Mealy clutched his stomach, staggered and fell to the sidewalk.[3] The witness then observed appellant, holding a gun in his left hand, run back across the street past the deceased, enter his car which had been parked with the door opened and the motor running, and drive off. Ms. Hayes further testified that the street was well lighted, her view unobstructed, and that no one else was seen on either side of the street as these events transpired. The identification of appellant by Ms. Hayes was further strengthened by the fact that she knew appellant who lived in one of the homes across the street from her residence.

The ballistics expert testified that two bullets were retrieved from the body of the deceased and the four spent shell casings were found on the street and sidewalk. An examination revealed that the casings and bullets were fired from the same weapon.

The Commonwealth also established that a police bulletin was issued the night of the incident advising that ap-

---

**3.** The post-mortem report established that powder burns were found on the victim's clothing indicating the shots were fired from close range into the chest and abdomen.

pellant was wanted by the authorities in connection with this homicide. Subsequent efforts to locate Tinsley at his residence, his place of employment and his brother's home proved unsuccessful. Five days after the shooting, appellant, accompanied by his attorney surrendered to police. The appellant elected not to take the stand on his own behalf and rested without offering any testimony.

Appellant first argues that his absence for a period of five days immediately following the incident could not be construed by the finder of fact as an inference of guilt. The law in this Commonwealth as to the significance of the evidence of flight is clear.

"The rule of law on this situation is 'When a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis in connection with other proof from which guilt may be inferred.' *Commonwealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964)." *Commonwealth v. Osborne*, 433 Pa. 297, 302–303, 249 A.2d 330, 333 (1969).

Although no direct evidence was presented to establish appellant's actual knowledge that he was being sought by the police for this crime, there was unquestionably circumstantial proof of this fact. See, *Commonwealth v. Osborne, supra*, 433 Pa. at 303, 249 A.2d 330. Immediately after the incident and for a period of five days thereafter, he abandoned his normal pattern of living and could not be located at those places where his regular pursuits would place him. Contacts at his residence, place of employment and the home of his brother, were to no avail. Without any explanation whatsoever for this absence, we believe these circumstances raise a permissible inference that appellant was aware that he was being sought by the police and attempted to conceal his whereabouts to avoid apprehension for this crime.

334

■ While conceding that a conviction may be sustained by means of wholly circumstantial evidence, he argues that this evidence merely raises a suspicion of guilt. We disagree. Concededly, the Commonwealth was unable to produce a witness to the actual shooting, it is nevertheless clear that they did present sufficient evidence of appellant's guilt. See generally, *Commonwealth v. Massart*, —— Pa. ——, —— A.2d —— (1975); *Commonwealth v. McIntyre*, 451 Pa. 42, 47, 301 A.2d 832, 834 (1973).

"As stated in *Commonwealth v. Petrisko*, 442 Pa. 575, 580, 275 A.2d 46, 49 (1971): '[I]t is not necessary that each piece of evidence be linked to the defendant beyond a reasonable doubt. It is only necessary that each piece of evidence include the defendant in the group who could be linked while excluding others, and that the *combination* of evidence link the defendant to the crime beyond a reasonable doubt.' (Emphasis supplied.)

It was within the province of the jury to accept or reject the evidence produced by the Commonwealth." *Commonwealth v. McIntyre, supra*, 451 Pa. at 47, 301 A.2d 832 at 834.

■ We also reject appellant's contention that he was entitled to an acquittal because a finding of guilt was not the *only possible interpretation of the evidence.* It is not the responsibility of the Commonwealth to prove guilt beyond all possible doubt. *Commonwealth v. Blevins*, 453 Pa. 481, 486–87, 309 A.2d 421, 424 (1973); *Commonwealth v. Garrett*, 423 Pa. 8, 12, 222 A.2d 902, 905 (1966); *Commonwealth v. Chester*, 410 Pa. 45, 52, 188 A.2d 323, 326 (1963); *Commonwealth v. DePetro*, 350 Pa. 567, 576, 39 A.2d 838, 843 (1944). The burden of

proof requires only that the evidence sustain the finding beyond a reasonable doubt. Here, that burden has been met.

Judgment of sentence affirmed.

JONES, C. J. took no part in the consideration or decision of this case.

MANDERINO J., concurs in the result.