393 A.2d 417

**COMMONWEALTH of Pennsylvania**

v.

**Emmanuel WHACK, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted April 12, 1978.

Decided Oct. 5, 1978.

John J. McAuliffe, Jr., Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., William C. Turnoff, Philadelphia, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO, and LARSEN, JJ.

OPINION OF THE COURT

NIX, Justice.

Appellant was convicted in a non jury trial of murder of the third degree and of possession of an instrument of crime. After the dismissal of post-trial motions, a term of imprisonment of three and one-half to 15 years was imposed under the murder information and a prison sentence of two and one-half to five years was imposed under the instrument of crime information. The said sentences were made to run concurrently. This direct appeal followed.[1]

On November 22, 1975 at approximately 6 p. m. a fight erupted in a bar located in the Germantown section of Philadelphia. This altercation was between the deceased and another patron of the bar who was identified as "Ted". The fight lasted for a brief period during which several chairs and pool balls were thrown about by the parties. Harry L. Newell, an occupant of the bar, testified on behalf of the Commonwealth that appellant, who was present and had been watching the altercation removed a knife from his pocket and stabbed the deceased one time. Further testimony for the Commonwealth was introduced to show that death was caused by a single stab wound.

1. Our jurisdiction in this case is based on the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1978–79). The conviction of possession of an instrument of crime was certified to this Court from the Superior Court.

■■■ Appellant's first two assignments of error raised the same issue, to wit whether the Commonwealth's evidence was sufficient as a matter of law to sustain the verdicts. We have often had occasion to state that the test for the sufficiency of the evidence requires an acceptance of the evidence presented by the verdict winner in its most favorable light and the reasonable inferences that can properly be drawn therefrom. *Commonwealth v. Paquette,* 451 Pa. 250, 253, 301 A.2d 837, 838–39 (1973); *Commonwealth v. Eiland,* 450 Pa. 566, 569, 301 A.2d 651, 652 (1973); *Commonwealth v. Williams,* 450 Pa. 327, 329, 301 A.2d 867, 869 (1973); *Commonwealth v. Oates,* 448 Pa. 486, 489, 295 A.2d 337, 338 (1972). The testimony of the witness Newell clearly satisfies the sufficiency test provided that evidence was competent and properly admitted.

■■■ The gist of appellant's argument is that Newell's testimony should have been rejected because it was contradicted by other witnesses and a prior inconsistent statement made by Newell himself. The problem with this position is that these facts affect the credibility of the witness, Newell, and not his competency to testify. It is a basic tenet of our system of jurisprudence that issues of credibility are properly left to the trier of fact for resolution. *Commonwealth v. Farquharson,* 467 Pa. 50, 59, 354 A.2d 545, 550 (1976); *Commonwealth v. Hampton,* 462 Pa. 322, 326, 341 A.2d 101, 103 (1975); *Commonwealth v. Murray,* 460 Pa. 605, 609, 334 A.2d 255, 257 (1975); *Commonwealth v. Oates,* 448 Pa. 486, 490, 295 A.2d 337, 338 (1972); *Commonwealth v. Garvin,* 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). We have indicated that there may be instances where the source of the evidence of guilt may be so unreliable and/or contradictory that a reviewing court might be required to overturn a conviction predicated upon such evidence. *See Commonwealth v. Farquharson, supra.* However, that rule only applies in such cases where the patent unreliability of the testimony is such as to render a verdict of guilt based thereupon as no more than pure conjecture. *Commonwealth v. Farquharson, supra. See also Commonwealth v. Bennett,* 224 Pa.Super. 238,

303 A.2d 220 (1973). We do not believe that the testimony offered by Mr. Newell in this case can be properly characterized as being "so contradictory and fantastic as to be incredible . . . " *Commonwealth v. Osborne,* 433 Pa. 297, 301, 249 A.2d 330, 332 (1969).

When initially questioned by the police, Newell denied his presence in the bar at the time of the killing. It was subsequently established that he was in fact present and did witness the incident. It is certainly not unreasonable for a fact finder to conclude that after the witness's original attempt to avoid involvement in the matter had failed, he then proceeded to tell the truth as to what he had in fact witnessed.

Furthermore, neither of the two additional eyewitnesses directly contradicted Newell's statement as to the stabbing. One of the witnesses, a Mr. Morrow, testified that during the altercation he observed appellant run towards the deceased and bump him, after which the deceased walked about three or four feet and collapsed. Although this witness did not actually see a stabbing, his testimony certainly corroborates the more detailed description of the event given by Newell. The other witness, Mr. Greene, testified that he did not see the appellant have any contact with the deceased. This testimony however cannot be construed as an affirmative assertion that appellant did not in fact come in contact with the deceased.

We are therefore satisfied that the testimony of Mr. Newell was competent evidence for the jury's consideration.[2] Moreover, this evidence if believed, as it apparently was, provided sufficient basis to meet the Commonwealth's obligation to prove that appellant had been the person who inflicted the fatal wound.

2. Appellant also argues that the fact that Newell was an admitted marijuana user, and that his testimony was based upon an observation in a crowded bar approximately 30 feet from where the deceased was standing, his testimony should be rejected. These were considerations properly left to the trier of fact.

142

■ The final contention raised by appellant in this appeal is that the court erred in permitting the testimony of a detective concerning efforts he made to locate appellant from November 27, 1975 to January 7, 1976. Appellant argues that evidence of flight to avoid prosecution can only be established where it is shown that the suspect knew that he was wanted for the commission of a crime. It is appellant's position that nothing in this record shows that appellant knew he was being sought by the police. In *Commonwealth v. Tinsley,* 465 Pa. 329, 333, 350 A.2d 791, 792–793 (1976) we summarized the law in this area as follows:

"The law in this Commonwealth as to the significance of the evidence of flight is clear.

"The rule of law on this situation is 'When a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis in connection with other proof from which guilt may be inferred.' *Commonwealth v. Coyle,* 415 Pa. 379, 393, 203 A.2d 782, 789 (1964)." *Commonwealth v. Osborne,* 433 Pa. 297, 302–303, 249 A.2d 330, 333 (1969).

Although no direct evidence was presented to establish appellant's actual knowledge that he was being sought by the police for this crime, there was unquestionably circumstantial proof of this fact. See, *Commonwealth v. Osborne, supra,* 433 Pa. at 303, 249 A.2d 330. Immediately after the incident and for a period of five days thereafter, he abandoned his normal pattern of living and could not be located at those places where his regular pursuits would place him. Contacts at his residence, place of employment and the home of his brother, were to no avail. Without any explanation whatsoever for this absence, we believe these circumstances raise a permissible inference that appellant was aware that he was being sought by the police and attempted to conceal his whereabouts to avoid apprehension for this crime."

Here the stabbing occurred on November 22, 1975. From the point when he was observed running from the bar he

was not seen again until January 16, 1976, when he surrendered himself. As in *Tinsley, supra,* the detective testified that he was unsuccessful in locating appellant at his home or the usual places he frequented. We are satisfied that there was sufficient basis for a permissible inference that appellant was aware that he was being sought by the police authorities for stabbing the victim and that he deliberately attempted to conceal his whereabouts to avoid prosecution. We therefore hold that the admission of this officer's testimony was proper.

Judgments of sentence affirmed.

MANDERINO, J., concurs in the result.