597 A.2d 1156

**COMMONWEALTH of Pennsylvania,**

v.

**Daniel CARTER, Appellant.**

Superior Court of Pennsylvania.

Submitted May 28, 1991.

Filed Oct. 1, 1991.

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before WIEAND, OLSZEWSKI and MONTGOMERY, JJ.

WIEAND, Judge:

On February 29, 1980, following trial by jury, Daniel Carter was found guilty of rape, involuntary deviate sexual intercourse, robbery (seven counts), burglary and conspiracy because of his participation in a robbery of United Vending Services in Philadelphia on August 5, 1975. During the robbery, two female employees were sexually assaulted. Post-trial motions were denied following an evidentiary hearing, and Carter was sentenced to serve terms of imprisonment which, in the aggregate, were for not less than sixteen (16) years nor more than seventy (70) years. A timely direct appeal was dismissed for failure of counsel to file a brief. Pursuant to a subsequent P.C.H.A. petition, however, Carter was granted leave to file another appeal. In that nunc pro tunc appeal, defense counsel filed an *Anders*[1] brief asserting that the issues advanced by Carter were lacking in merit. The Superior Court affirmed the judgment of sentence by memorandum decision. Carter then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. On July 18, 1990, habeas corpus relief was granted, and it was ordered that Carter's appeal in the Superior Court be reinstated within ninety (90) days or that, alternatively, a new trial be granted. On August 31, 1990, the Superior Court ordered that Carter's appeal be reinstated upon petition of the Commonwealth.

In this reinstated appeal, Carter raises the following issues:

I. Whether prior appellate counsel rendered ineffective assistance of counsel when he failed to raise the issue in the prior appeal of trial counsel's ineffectiveness for failing to object to the trial court's alibi instruction which neglected to inform the jury that it should acquit if the defendant's alibi evidence, even if not wholly believed, raised a reasonable doubt of his guilt.

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

II. Whether prior appellate counsel rendered ineffective assistance of counsel when he failed to raise the issue in the prior appeal of trial counsel's ineffectiveness for failing to object to the Commonwealth's presentation of evidence concerning the defendant's failure to appear at a court hearing and the trial court's instruction to the jury regarding same.

III. Whether prior appellate counsel rendered ineffective assistance of counsel when he failed to raise the issue in the prior appeal of trial counsel's ineffectiveness for failing to present character testimony on behalf of the defendant at trial.

Because there is arguable merit in the third of appellant's contentions, we are constrained to vacate the judgment of sentence and remand this case for an evidentiary hearing.

█ The standard we employ to evaluate claims of ineffective assistance of counsel has been stated by the Pennsylvania Supreme Court in the following manner:

> The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Pursell*, 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Finally, we require that the defendant establish how counsel's commission or omission prejudiced him. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

*Commonwealth v. Durst*, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989). See also: *Commonwealth v. Rollins*, 525 Pa. 335, 344, 580 A.2d 744, 748 (1990); *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). To establish prejudice under this standard "requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair

trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). See also: *Commonwealth v. Pierce*, 515 Pa. 153, 157–158, 527 A.2d 973, 974–975 (1987); *Commonwealth v. Gainer*, 397 Pa.Super. 348, 352, 580 A.2d 333, 335 (1990) (en banc). Additionally, "[b]ecause the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant." *Commonwealth v. House*, 371 Pa.Super. 23, 28, 537 A.2d 361, 363 (1988). See also: *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick*, 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986).

At trial, appellant presented an alibi defense in which he asserted that he had been at school during the commission of the robbery. The trial court instructed the jury with respect to his alibi defense as follows:

> The defense in this case is that the defendant was not present at the scene of the alleged crime. We refer to the nature of the defense as an alibi; that's the legal term for a defense that he was not there. Obviously, a defendant cannot be guilty in a crime charged unless he's at the scene of a crime especially in the nature of this. The defendant, therefore, has offered himself and the circumstantial evidence or other evidence that he was at another place at the time when the incidents were said to have occurred. Among the things that you consider when you come to evaluate this evidence, you must consider whether or not the evidence of an alibi covers the entire time when the offense is shown to have been committed, and whether it precludes the possibility of the defendant's presence at the scene of the crime. You should consider this evidence along with other evidence in the case in determining whether the Commonwealth has met its burden of proving guilt beyond a reasonable doubt, that the crime has been committed and that the defendant committed the crime.

> The defendant's alibi evidence that he was not present may in and of itself work as an acquittal, or it together

with other evidence may be sufficient to raise a reasonable doubt in your minds which would operate also as an acquittal. When you come to consider then this alibi testimony, you will have not only to consider it in the context of other evidence in this case, but also in conjunction with the testimony of the two young ladies who testified that the defendant was the person that assailed them. The law clearly is that if a jury finds the testimony of these two eyewitnesses believable and also believes that their testimony and identification was positive and unqualified and based on opportunity to observe, then the identification testimony may be sufficient to convict the defendant, although there were three or four other witnesses who gave testimony intending to show that he was elsewhere at the time of the incident. There was physical evidence in this case, photographs of physical evidence. You will also consider that as circumstantial evidence when you come to determine the effect of the evidence.

Appellant contends that the trial court's alibi instruction was inadequate and that counsel should have objected because the jury was not specifically told that its verdict should be one of acquittal if the alibi evidence, "even if not wholly believed," raised a reasonable doubt as to his presence at the scene of the crime. See: *Commonwealth v. Pounds*, 490 Pa. 621, 417 A.2d 597 (1980) and *Commonwealth v. Willis*, 520 Pa. 289, 553 A.2d 959 (1989).

The precise argument which appellant now advances in support of his claim that counsel was ineffective has been rejected by the Superior Court on no less than seven occasions. In *Commonwealth v. Jones*, 386 Pa.Super. 467, 563 A.2d 161 (1989), *allocatur granted*, 525 Pa. 632, 578 A.2d 926 (1990), the Court, sitting en banc, reasoned as follows:

Jones argues here that the "even if not wholly believed" language articulated in *Pounds* must be incorporated into an alibi charge, and that trial counsel was ineffective for failing to object to the court's charge at bar. Jones's argument directly contravenes established case law of this court. In *Commonwealth v. Johnson,*

336 Pa.Super. 1, 485 A.2d 397 (1984), this court specifically stated that "we do not interpret *Pounds* as creating standard language for an alibi instruction. So long as the trial judge makes it clear that the defendant's failure to prove an alibi is not tantamount to guilt, the *Pounds* safeguards are preserved." *Johnson*, 336 Pa.Super. at 18, 485 A.2d 397. In *Commonwealth v. Bright*, 361 Pa.Super. 261, 522 A.2d 573 (1987), a panel of this court again considered an appellant's argument that the "even if not wholly believed" language of *Pounds* must be used in an alibi instruction. Like the *Johnson* court before it, the *Bright* court rejected this argument, stating, "appellant is merely contesting the form of the instruction rather than its substance." *Bright*, 361 Pa.Super. at 267, 522 A.2d 573. Most recently, in *Commonwealth v. Quarles*, 361 Pa.Super. 272, 522 A.2d 579 (1987), the appellant argued that the trial court's charge was defective because it did not specifically tell the jury that the alibi testimony offered by the appellant's witness "did not have to be totally accepted to acquit" the appellant. *Quarles*, 361 Pa.Super. at 280, 522 A.2d 579. As did the Superior Court panels in *Johnson* and *Bright*, the *Quarles* court found the appellant's contention meritless. The court stated:

> The trial judge in his charge to the jury regarding appellant's alibi stated: "The defense evidence to the effect that he was not present either by itself or together with other evidence may be sufficient to raise a reasonable doubt of his guilt in your minds." ...
> Appellant's trial counsel, consequently, did not render ineffective assistance of counsel by failing to object to the trial court's alibi charge since the judge's alibi charge informed the jury that the alibi, by itself or with other evidence, may be sufficient to raise reasonable doubts in the jurors' minds about appellant's guilt.

*Quarles*, 361 Pa.Super. at 280, 522 A.2d 579 (emphasis in original).

Clearly, a trial court alibi charge will not per se be deemed erroneous for failing to parrot the language of the *Pounds* Court. Rather, what is required of the trial court is that it make clear to the jury that the defendant's failure to prove alibi is not tantamount to guilt. Here, the court told the members of the jury that they should consider Jones's alibi testimony, in conjunction with the other evidence offered, to determine whether the Commonwealth met its burden of proving beyond a reasonable doubt that the crime was committed by Jones. Furthermore, the court at bar, like the trial court in *Quarles*, told the jury that Jones's alibi evidence, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of Jones's guilt and acquit him. Accordingly, after evaluating the trial court's charge as a whole, we find that the trial court's alibi charge was proper here. *See Commonwealth v. Riggins*, 374 Pa.Super. 243, 542 A.2d 1004 (1988). Because counsel will not be deemed ineffective for failing to pursue a meritless claim, we find that trial counsel and post-verdict motions counsel were not ineffective for failing to object to the trial court's charge. *See Commonwealth v. Blagman*, 350 Pa.Super. 367, 504 A.2d 883 (1986).

*Id.*, 386 Pa.Superior Ct. at 471–472, 563 A.2d at 163. See also: *Commonwealth v. Woods*, 394 Pa.Super. 223, 575 A.2d 601 (1990); *Commonwealth v. Lott*, 392 Pa.Super. 371, 572 A.2d 1279 (1990); *Commonwealth v. Payne*, 385 Pa.Super. 9, 559 A.2d 951 (1989); *Commonwealth v. Quarles*, 361 Pa.Super. 272, 522 A.2d 579 (1987), *allocatur denied*, 517 Pa. 592, 535 A.2d 82 (1987); *Commonwealth v. Bright*, 361 Pa.Super. 261, 522 A.2d 573 (1987), *allocatur denied*, 517 Pa. 597, 535 A.2d 1056 (1987); *Commonwealth v. Johnson*, 336 Pa.Super. 1, 485 A.2d 397 (1984).

Instantly, we have evaluated the alibi charge given at appellant's trial in light of the requirements set forth in *Commonwealth v. Jones, supra,* and other Superior Court decisions and conclude that the trial court's alibi instruction

was correct and did not imply that appellant's failure to prove alibi would be tantamount to guilt.

Appellant contends, however, that the Superior Court cases, which have held that the "even if not wholly believed" language is not required in all alibi instructions, are in direct contravention of the Supreme Court decisions in *Pounds* and *Willis* and, therefore, were incorrectly decided. As a three judge panel, however, we are bound to follow the precedent established by the Court en banc in *Commonwealth v. Jones, supra.*

Moreover and in any event, the trial in this case was completed before the Supreme Court decided *Pounds* on July 3, 1980. The Supreme Court, in *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977), has said:

> We cannot impose upon trial counsel the qualities of a seer.... For this reason, we examine counsel's stewardship under the standards as they existed at the time of his action, ... and counsel will not be deemed ineffective for failing to predict future developments in the law.

*Id.*, 476 Pa. at 89–90, 381 A.2d at 881 (footnote and citations omitted). Consequently, it has become a well settled principle in this Commonwealth that "counsel will not be deemed ineffective for failing to predict a change in the law." *Commonwealth v. Davis, supra.* See also: *Commonwealth v. Yarris*, 519 Pa. 571, 606, 549 A.2d 513, 531 (1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3201, 105 L.Ed.2d 708 (1989); *Commonwealth v. Johnson*, 516 Pa. 407, 418, 532 A.2d 796, 802 (1987); *Commonwealth v. Garrity*, 509 Pa. 46, 55, 500 A.2d 1106, 1111 (1985).

Appellant's trial counsel did not have the benefit of the decision in *Pounds*, and, as such, may not be held accountable for failing to object to the trial court's jury instruction on grounds that it did not comply precisely with the language of that decision.

■ Appellant next argues that counsel should have objected when the Commonwealth introduced evidence of his failure to appear at a prior trial listing, and, again, when

the trial court instructed the jury that such a failure would permit an inference that appellant was conscious of guilt. Appellant argues that the mere failure to appear for trial is not enough to create an inference of flight or consciousness of guilt. He contends, therefore, that trial counsel was ineffective for failing to object to the evidence of appellant's failure to appear at the prior trial date and the jury instruction thereon.

Appellant's argument is based upon a decision by the Superior Court in *Commonwealth v. Babbs*, 346 Pa.Super. 498, 499 A.2d 1111 (1985). There, the Court held that the mere failure of a defendant to appear for trial, without evidence of flight or concealment, was insufficient to permit the factfinder to infer a consciousness of guilt. The *Babbs* Court reasoned as follows:

> The rule of law in this Commonwealth is that "[w]hen a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis in connection with other proof from which guilt may be inferred." *Commonwealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964). Accord: *Commonwealth v. Whack*, 482 Pa. 137, 142–143, 393 A.2d 417, 419–420 (1978); *Commonwealth v. Tinsley*, 465 Pa. 329, 333, 350 A.2d 791, 792–793 (1976). This rule has not heretofore been expanded to permit an inference of guilt merely because a defendant has failed to appear for trial. A failure to appear on the day set for trial does not have the same connotation as pre-arrest flight or concealment and cannot be said to point unerringly to consciousness of guilt.

*Id.*, 346 Pa.Superior Ct. at 502, 499 A.2d at 1113. See also: *Commonwealth v. Barnes*, 406 Pa.Super. 58, 593 A.2d 868 (1991) (following *Babbs* and holding that trial counsel's failure to object to jury instruction that defendant's failure to appear at preliminary hearing permitted inference of consciousness of guilt was arguably ineffective assistance and required remand for evidentiary hearing).

A review of the record in this case, however, discloses that appellant's reliance upon the decision in *Commonwealth v. Babbs,* is misplaced. The Commonwealth's evidence was not limited merely to appellant's failure to appear when the case was called for trial. Rather, the Commonwealth's evidence was that appellant had failed to appear for a scheduled trial date on July 5, 1978, that a bench warrant had been issued for his arrest, and that he had not been apprehended until July 20, 1979. On that date, moreover, appellant attempted to avoid apprehension by giving police a false name. This evidence was sufficient to permit an inference that appellant had fled, and/or concealed his whereabouts to avoid prosecution. On this basis, the trial court could properly instruct the jury that an adverse inference could be drawn. See and compare: *Commonwealth v. Knox,* 290 Pa.Super. 104, 108 n. 3, 434 A.2d 151, 153 n. 3 (1981) (evidence of defendant's failure to appear for trial and eventual apprehension four months later properly received to establish consciousness of guilt); *Commonwealth v. Smith,* 250 Pa.Super. 460, 467–468, 378 A.2d 1239, 1243 (1977) (defendant's flight from jurisdiction after posting bond was properly received as evidence of consciousness of guilt); *Commonwealth v. Myers,* 131 Pa.Super. 258, 264–265, 200 A. 143, 146 (1938) (evidence of defendant's failure to appear for trial, issuance of bench warrant for his arrest, efforts of police to locate him and his apprehension approximately six months later was properly received as evidence of consciousness of guilt; "flight" includes not only leaving the jurisdiction, but also any concealment to avoid arrest or prosecution). Because evidence of appellant's consciousness of guilt was properly received and because the jury was properly instructed with respect thereto, neither appellant's trial counsel nor his first appellate counsel will be deemed ineffective for failing to assert the same. The claim was wholly lacking in merit.

■ Appellant's final contention is that trial counsel was ineffective for failing to present character testimony on his behalf. More specifically, appellant asserts that counsel

failed to inform him of his right to call character witnesses and that, if he had been informed of this right, he could have given trial counsel the names of several witnesses who would have been available to testify that he had a good reputation for being an honest and law abiding citizen. In support of this claim, appellant has appended to his brief the affidavits of four individuals who have stated that they were aware of appellant's good reputation in the community and would have been available to testify at appellant's trial if they had been contacted by defense counsel.

In *Commonwealth v. Luther*, 317 Pa.Super. 41, 463 A.2d 1073 (1983), the defendant asserted that trial counsel had been ineffective during his trial for rape by failing to present character testimony at trial and by failing to fully advise the defendant prior to trial regarding the importance of obtaining character witnesses. The Superior Court agreed that counsel had been ineffective, concluding that:

> [T]he decision of counsel to forego the presentation of character testimony at the trial: (1) was ill advised; (2) was a decision made without adequately informing his client of the value of such evidence; and (3) was principally defective by a failure to adequately prepare for the presentation of such testimony.

*Id.*, 317 Pa.Superior Ct. at 54, 463 A.2d at 1080. See also: *Commonwealth v. Simler*, 320 Pa.Super. 342, 467 A.2d 355 (1983). Cf. *Commonwealth v. Schultz*, 335 Pa.Super. 306, 484 A.2d 146 (1984) (counsel ineffective for failing to request or object to absence of jury instruction that character evidence, standing alone, is sufficient to raise reasonable doubt).

In finding that trial counsel was ineffective for failing to call character witnesses, the *Luther* Court stressed the importance of character testimony when it said:

> It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. *Commonwealth v. Castellana*, 277 Pa. 117, 122, 121 A. 50, 51 (1923) (quoting

*Cathcart v. Commonwealth,* 37 Pa. 108, 111 (1860)). See *Commonwealth v. Stefanowicz,* 118 Pa.Super. 79, 81, 179 A. 770, 771 (1935). Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. *See* McCormick on Evidence, § 191, p. 454 (2d ed. 1972). *Commonwealth v. Sampson,* 445 Pa. 558, 285 A.2d 480 (1972). The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character. *Commonwealth v. Castellana, supra.*

It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. *See Commonwealth v. Holland,* 480 Pa. 202, 389 A.2d 1026 (1978); *Commonwealth v. Stoner,* 265 Pa. 139, 108 A. 624 (1919). "Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, ... is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence." *Commonwealth v. Gaines,* 167 Pa.Super. 485, 492, 75 A.2d 617, 620 (1950) (quoting *Commonwealth v. Padden,* 160 Pa.Super. 269, 275, 50 A.2d 722, 725 (1947)). *See Commonwealth v. Cleary,* 135 Pa. 64, 19 A. 1017 (1890); *Commonwealth v. Goodman,* 182 Pa.Super. 205, 126 A.2d 763 (1956); *Commonwealth v. Kohl,* 164 Pa.Super. 630, 67 A.2d 451 (1949).

. . . .

This court has made clear that "[i]n a case ... where intent and credibility are decisive factors leading to either acquittal or conviction, the accused's reputation is of

paramount importance. Indeed, evidence of good character may, in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury." *Commonwealth v. Shapiro,* 223 Pa.Super. 15, 19–20, 297 A.2d 161, 163 (1972). Accord, *Commonwealth v. Stoner, supra; Commonwealth v. Holland, supra. See State v. Gambutti,* 36 N.J.Super. 219, 232, 115 A.2d 136, 143 (1955). (The court stated, in prosecution for sex offense, that where there are two direct witnesses involved, complainant and defendant, reputation evidence may well take on significance beyond that which a jury might accord it in an ordinary criminal trial).

*Commonwealth v. Luther, supra* 317 Pa.Super. at 49–51, 463 A.2d at 1077–1078. See also: *Commonwealth v. Neely,* 522 Pa. 236, 561 A.2d 1 (1989); *Commonwealth v. Giovanetti,* 341 Pa. 345, 19 A.2d 119 (1941); *Commonwealth v. Aston,* 227 Pa. 106, 75 A. 1017 (1910).

The Commonwealth argues that appellant is precluded from relief because he did not provide counsel with the names of potential character witnesses prior to trial. We cannot agree. In meeting the obligation to provide competent representation, a lawyer "must keep the accused fully informed of all options throughout the proceedings." *Commonwealth v. Saxton,* 516 Pa. 196, 200–201, 532 A.2d 352, 354 (1987), citing American Bar Association Standards for Criminal Justice 4–3.1(a), 4–3.1(b), 4–3.8, 4–6.2(a). It follows that "counsel's failure to investigate potentially meritorious defenses ... can constitute ineffective assistance of counsel if no reasonable basis otherwise exists for counsel's failure." *Commonwealth v. Anderson,* 501 Pa. 275, 287, 461 A.2d 208, 214 (1983). See also: *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976). Thus, counsel has a duty to consider possible defense strategies and to discuss with his client options which are available. Counsel should inform a defendant of the right to present character witnesses and should discuss with the client whether such witnesses would be advisable under the circumstances of the evidence and defenses available. A criminal defendant cannot

be expected to offer to counsel potential character witnesses if counsel has not discussed with him the possible use of such evidence. Cf. *Commonwealth v. Luther, supra* (finding of ineffectiveness based in part upon counsel's failure to inform defendant adequately of the need for character testimony).

We do not hold that counsel's failure to discuss all strategic options with a defendant is *per se* ineffective assistance. "A decision by counsel not to take a particular action does not constitute ineffective assistance if that decision was reasonably based, and was not the result of sloth or ignorance of available alternatives." *Commonwealth v. Collins*, 519 Pa. 58, 65, 545 A.2d 882, 886 (1988). See also: *Commonwealth v. Christy*, 511 Pa. 490, 501, 515 A.2d 832, 837 (1986), *cert. denied*, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 857 (1987); *Commonwealth v. Twiggs*, 460 Pa. 105, 110–111, 331 A.2d 440, 443 (1975). " '[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.' " *Commonwealth v. Lee*, 401 Pa.Super. 591, 600–601, 585 A.2d 1084, 1089 (1991), quoting *Strickland v. Washington, supra*, 466 U.S. at 690–691, 104 S.Ct. at 2068, 80 L.Ed.2d at 695. The relevant inquiry in cases such as this is whether counsel's failure to pursue a particular defense theory was reasonable. See: *Commonwealth v. Blair*, 491 Pa. 499, 506, 421 A.2d 656, 660 (1980) ("The decision not to present a particular defense is a tactical one and will not be deemed ineffective stewardship if there is a reasonable basis for that position."), e.g. *Commonwealth v. Davenport*, 494 Pa. 532, 431 A.2d 982 (1981) (counsel's choice of self-defense theory over that of voluntary intoxication was reasonable); *Commonwealth v. Garcia*, 370 Pa.Super. 132, 535 A.2d 1186 (1988) (strategy seeking acquittal rather than one seeking verdict of manslaughter was effective assistance of counsel).

Instantly, appellant's contention that trial counsel failed to advise him of the option of calling character witnesses has at least arguable merit. Such evidence would not have been inconsistent with the trial strategy of alibi which counsel pursued at trial and, indeed, may have bolstered appellant's alibi defense. If, as appellant has alleged, character witnesses could have been obtained for his trial, then trial counsel's failure to inform appellant of that option may have deprived appellant of an available defense having substantial potential for success. Therefore, we cannot summarily dismiss appellant's allegation that he was denied the effective assistance of counsel.

Because there has not yet been an evidentiary hearing to determine whether trial counsel explored with appellant the possibility of presenting character witnesses or whether counsel had a reasonable basis for not doing so, we cannot determine on the present state of the record whether appellant was denied effective assistance of counsel.[2] "When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [trial court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, [the Superior] Court will remand for such a hearing." *Commonwealth v. Petras*, 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987). See also: *Commonwealth v. McBride*, 391 Pa.Super. 113,

2. The Commonwealth has suggested that trial counsel acted reasonably in relying upon the pre-trial investigation of another attorney who had originally been retained to represent appellant, and who eventually died some time in 1979. The record reveals, however, that trial counsel was first appointed on a standby basis in May, 1978 because of the poor health of appellant's retained counsel. This was over one and one-half years prior to commencement of appellant's trial. Without any evidence as to trial counsel's actions during this time, we will not assume that he acted reasonably by relying solely upon the work done by prior counsel without making further inquiry or investigation regarding the trial strategies available to appellant. Counsel at least had an obligation to inquire as to the advice given by prior counsel regarding the options available. On the record now before this court, however, such a determination is not possible.

121, 570 A.2d 539, 543 (1990); *Commonwealth v. Copeland*, 381 Pa.Super. 382, 397, 554 A.2d 54, 61 (1988).

The judgment of sentence is vacated, at least for the time being, and the case is remanded for an evidentiary hearing to determine whether trial counsel and prior appellate counsel were ineffective with respect to appellant's claim that he was deprived of the use of character evidence at his trial. If counsel are found to have been ineffective, a new trial must be granted. If counsel were not ineffective, however, the judgment of sentence may be reimposed. Jurisdiction is not retained.

OLSZEWSKI, J., files a concurring and dissenting opinion.

OLSZEWSKI, Judge, concurring and dissenting.

For the reasons articulated by the majority, I concur as to the disposition of the first two issues. I respectfully dissent as to the disposition of the third issue and recommend that the appeal be dismissed and judgment of sentence be affirmed.

Appellant asserts that his prior appellate counsel was ineffective for failing to raise, in the previous appeal, the issue of trial counsel's ineffectiveness for failing to call witnesses to testify as to appellant's character. The proper inquiry is "whether the disputed action or omission by [appellant's trial] counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends." *Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). Both appellant and the majority rely upon *Commonwealth v. Luther*, 317 Pa.Super. 41, 463 A.2d 1073 (1983) to take them through the inquiry. The present case is quite distinct from *Luther*.

When questioning the legal soundness of trial counsel's decision not to offer character testimony, the *Luther* Court stressed the importance of character testimony when an

accused is unable to produce evidence other than his own oath and evidence of others attesting to his character. *Id.*, 463 A.2d at 1077. The current appellant's defense was alibi. He offered alibi witnesses at trial and, thus, was not limited, like the defendant in *Luther,* to offering evidence of good character.

In *Luther,* the accused's defense to rape charges was consent of the alleged victim. The credibility of the parties was the central issue at trial. The majority misapplies *Luther* which stated, "In a case where virtually *the only issue* is the credibility of the witness for the Commonwealth versus that of the defendant, failure to explore all available alternatives to assure that the jury heard the testimony of a known witness who might be capable of casting doubt upon the truthfulness of the Commonwealth witness is ineffective assistance of counsel." *Id.,* 463 A.2d at 1080 (emphasis added). Such was not the case here. The credibility of the prosecution's witnesses, victims of armed robbery and sexual assault, was not an issue at trial and it is likely that appellant's trial counsel soundly believed that character witnesses would not have cast doubt upon the victims' identification testimony.

Because it is not unsound, as a matter of advocacy, to chose an alibi defense over character defense, appellant's trial counsel did not render ineffective assistance under the *Davis* standards. In turn, appellant's prior appellate counsel did not render ineffective assistance for failing to raise trial counsel's ineffectiveness on appeal.

For the foregoing reasons, I would dismiss the appeal and affirm the judgment of sentence.