· 467 A.2d 323

COMMONWEALTH of Pennsylvania, Appellant,

v.

Glenn THIRKIELD.

Supreme Court of Pennsylvania.

Argued Sept. 12, 1983.

Decided Nov. 16, 1983.

Michael J. Veshecco, Dist. Atty., Shad Connelly, Asst. Dist. Atty., Erie, for appellant.

Dist. Attys.' Ass'n, Bernard Siegel, Chief Deputy Dist. Atty., Eric B. Henson, Deputy Dist. Atty., Robert B. Lawler, Chief Appeals, Asst. Dist. Atty., Philadelphia, for amicus curiae Pa.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Melinda G. Tell, Asst. Dist. Atty., for amicus curiae Dist. Atty. of Allegheny County, Pa.

Joseph Kownacki, Public Defender, Carmela Presogna, Asst. Public Defender, Erie, for appellee.

Leonard Sosnov, Asst. Defender, Chief, Law Reform Div., John W. Packel, Asst. Defender, Chief, Appeals Div., Benjamin Lerner, Defender, Philadelphia, for amici curiae Defender Ass'n of Philadelphia and Pennsylvania Public Defenders Ass'n.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

ORDER

PER CURIAM.

The appeal is dismissed as having been improvidently granted.

McDERMOTT, J., files a dissenting opinion.

McDERMOTT, Justice, dissenting.

I regret the summary disposition of this case. Appeal was allowed to review the issue of the substantive admissibility of prior statements made by a present testifying witness. The all too frequent occurrence is that of a witness' pretrial statement, often the basis of the prosecution or the hope of the defendant, being lost simply by his saying, "I don't remember making a statement."

When a witness is present before the fact-finder, testifies in court, and is available for cross-examination, no valid purpose is served by barring the witness' prior statements from use as substantive evidence where such statements bear sufficient indicia of reliability. While the prior statements themselves may not have been given under oath, or subject to cross-examination, the fact that such are supplied in the current trial defuses hearsay concerns and provides the fact-finder with ample opportunity to determine truth. Indeed, the weight of recent authority is persuasive in this direction.[1]

The easy refuge of forgetfulness is far too tempting an opportunity for those who would seek by fear or favor to influence a witness. Limiting the admissibility of prior inconsistent statements to impeachment uses severely impedes the truth-determining process. The Court should address this issue and allow the use of such statements as substantive evidence.

1. *See* Fed.R.Evid. 801(d)(1); Cal.Evid.Code § 1235; Kan.Stat.Ann. § 60–460(a); 3A Wigmore, Evidence § 1018 (Chadbourn Rev.1970); McCormick, Evidence § 251 (1972). *See also,* the able opinion of now President Judge Spaeth, in *Commonwealth v. Loar,* 264 Pa.Super. 398, 399 A.2d 1110 (1979).