J-S26029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NORM SCOTT | : | |
| Appellant | : | No. 3005 EDA 2016 |

Appeal from the Judgment of Sentence June 8, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013785-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 26, 2018**

Norm Scott appeals from the aggregate judgment of sentence of eighteen to thirty-six months imprisonment following his non-jury convictions for simple assault and recklessly endangering another person ("REAP").  We affirm.

The trial court offered the following summary of the history of the case.

> On the night of March 14, 2013, Roxanne Little and her twelve-year-old son were at home in their Philadelphia apartment.  At approximately 9:00 P.M., [Appellant]—who was dating Ms. Little—came to the apartment and let himself in using a key.  He asked Ms. Little why she had not opened "the f**king door for him."  She did not answer him.  [Appellant] walked over to a pile of his folded clothes and saw a single match sitting on top.  He asked Ms. Little who had put the match on his clothes.  When Ms. Little said that she did not know, [Appellant] grew very aggressive and accused her of having another man in the apartment.  He grabbed her by the throat and punched her in the face multiple times.  Ms. Little started screaming.  Her son, watching as his mother was beaten, also began to scream and

_____
*   Former Justice specially assigned to the Superior Court.

used one of his toys to hit [Appellant]. Ms. Little ran out of the apartment and down the stairs to the building's front door, but she could not open it. [Appellant] followed her downstairs and continued to punch her in the face. When Ms. Little fell to the floor, [Appellant] tried to pull her back up the stairs but was unable to do so. Instead, he stomped down on her left leg, breaking it. [Appellant] walked back upstairs, got his jacket, and left the apartment building. In the meantime, Ms. Little was able to get outside and call the police from a neighbor's phone.

Police Officer Joseph Gallagher was the first to respond to the scene of the assault. He found Ms. Little crying and visibly distressed. Her face[] was bruised and swollen, her neck was red, and she was complaining of leg pain. Ms. Little told Officer Gallagher that she and [Appellant] had been in a heated argument, that he had struck her repeatedly in the face, and that as she lay on the floor at the bottom of the steps, he jumped on her leg. Ms. Little was taken to Mercy Hospital where she was diagnosed with a fractured left tibia and received emergency surgery. On March 15, 2013, Ms. Little gave a statement to Detective Anderson, consistent with what she had told Officer Gallagher. A warrant was issued for [Appellant's] arrest; however, police were unable to find [him]. On September 20, 2013, they learned he had been taken into custody in New York. On October 17, 2013, [Appellant] was extradited to Philadelphia to face charges arising from the March 14th assault.

Th[e trial] court found [Appellant] guilty of [simple assault and REAP] and deferred sentencing until June 8, 2015 for completion of a presentence investigation and mental health evaluation. On the date of sentencing, however, [Appellant] failed to appear, and the court issued a bench warrant. Nine months later, in March, 2016, [Appellant] was arrested by New York City Police and extradited for sentencing on the instant case. At the June 8, 2016 sentencing hearing, this court sentenced [Appellant] to a guideline sentence of one to two years of incarceration on the simple assault conviction and a consecutive six to twelve months of incarceration on the REAP conviction. [Appellant] filed a post-sentence motion that same day, which the court denied on September 12, 2016.

Trial Court Opinion, 4/5/17, at 1-3 (citations omitted).

- 2 -

Thereafter, Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions on appeal, which we have re-ordered for ease of disposition.

I. Whether the evidence was insufficient to convict [Appellant] of simple assault and recklessly endangering another person when the complaining witness gave two different stories and even testified for the defense at sentencing.

II. Whether the court's guilty verdict was against the weight of the evidence to convict [Appellant] of simple assault and recklessly endangering another person when the complaining witness gave two different stories and even testified for the defense at sentencing.

III. Whether the trial court abused its discretion with [Appellant's] manifestly excessive sentence of 18-36 months based on the statutory maximum of 1-2 years on simple assault followed by 6-12 months consecutive on recklessly endangering another person was an abuse of discretion.

Appellant's brief at 7.

We begin with Appellant's sufficiency claim, for which our standard and scope of review are *de novo* and plenary, respectively. **Commonwealth v. Williams**, 176 A.3d 298, 305 (Pa.Super. 2017). A conviction is based upon sufficient evidence if "the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt." *Id*. at 305-06. The Commonwealth may sustain its burden through wholly circumstantial

- 3 -

evidence, and need not preclude all possibility of innocence. *Id*. at 306. "It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence." *Id*. "Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*.

One is guilty of simple assault if he or she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). A person commits REAP if he or she "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

At trial, the Commonwealth offered the signed statement and preliminary hearing testimony of Ms. Little. Both consistently iterated the facts found by the trial court quoted *supra*. Specifically, Ms. Little indicated that, on the night in question, Appellant became angry, grabbed her by the throat, punched her in the face repeatedly, followed her downstairs when she attempted to flee, tried to drag her back up the stairs, and, when he could not, jumped on her leg, breaking it. *See* N.T. Trial, 3/16/15, at 28-30 (statement); *id*. at 40-42 (preliminary hearing testimony). This evidence is more than sufficient to sustain Appellant's convictions. *See*, *e.g.*, *Commonwealth v. Rahman*, 75 A.3d 497, 502-03 (Pa.Super. 2013) (finding evidence sufficient to sustain simple assault and REAP convictions where the defendant shoved and punched the victim several times in a

stairwell, which could have caused the victim to fall down the stairs, and which resulted in the victim's sustaining a sprained shoulder and a bruised rib).

Appellant's argument that the Commonwealth failed to prove Appellant's guilt of these crimes is as follows.

> The inconsistencies in this case are what make the evidence so weak. [Appellant] came home around 9:00PM and began to have a verbal argument with Ms. Little. The argument escalated as [Appellant] thought someone else was at their house. Ms. Little then gave conflicting testimony whether she fell down her stairs or whether [Appellant] punched and assaulted her. At some point [Appellant] walked away from the situation and left the apartment building. Ms. Little received medical care and gave a statement that said [Appellant] assaulted her. Inconsistency was the only thing consistent about her statements and testimony.

Appellant's brief at 20.[1]

_____

[1] The trial court did not address Appellant's sufficiency claim, finding that it had been waived based upon Appellant's failure to state with specificity in his Rule 1925(b) statement which elements of the crimes were not established by sufficient evidence. Trial Court Opinion, 4/5/17, at 4. Appellant's statement contended that the evidence was insufficient because "There was conflicting testimony about what happened that evening. The complaining witness herself gave a completely different story of events at trial[.]" Concise Statement, 9/20/16, at ¶ 2. This Court has recognized such a claim as a viable attack on the sufficiency of the evidence. *See*, *e.g.*, *Commonwealth v. Bennett*, 303 A.2d 220, 220 (Pa.Super. 1973) (*en banc*) (holding evidence was insufficient to support conviction where the testimony of the Commonwealth's witness "was so inconsistent and contradictory as to be insufficient to support a finding of [the defendant's] guilt"). Accordingly, we conclude that Appellant preserved this issue for our review.

Ms. Little did testify at trial that Appellant merely verbally attacked her on the night in question, that she had a panic attack and went outside for air, and fell down the steps, hitting her leg off of a heater. N.T., 3/16/15, at 16-17. She claimed that her signed statement contains incorrect information, and she only signed it because she was under a lot of stress. *Id*. at 23-27. Further, Ms. Little indicated that her testimony at the preliminary hearing was the product of "the power of suggestion" based upon being harassed by the assistant district attorney, and that Appellant and she "never had a physical altercation. Never." *Id*. at 41, 37-38.

However, whether Ms. Little was telling the truth out of court or in court was a credibility determination solely within the province of the fact-finder. The fact that she recanted her earlier testimony does not render Appellant's convictions invalid. *See*, *e.g.*, *Commonwealth v. Brown*, 52 A.3d 1139, 1171 (Pa. 2012) (holding out-of-court statements of witnesses "furnished legally sufficient evidence to sustain [the defendant's] convictions" because they "were not so patently unreliable so as to render a jury verdict based upon them one of pure conjecture" and the fact-finder "had the opportunity to observe these witnesses as they repudiated their out-of-court statements, and to assess the credibility of their explanations for the repudiations"); *Commonwealth v. Jones*, 644 A.2d 177, 181 (Pa.Super. 1994) ("Although both witnesses made statements prior to trial which were inconsistent with their in-court testimony, they were questioned

extensively regarding their prior statements, and the trier of fact could properly determine on which occasions the witnesses had been truthful.") (footnote omitted). Therefore, Appellant's sufficiency challenge merits no relief.

Appellant next argues that his convictions are against the weight of the evidence. Accordingly, the following principles apply.

> Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013). This standard applies even when the trial judge also sat as the finder of fact. *See*, *e.g.*, *Commonwealth v. Konias*, 136 A.3d 1014, 1023 (Pa.Super. 2016) (applying the above standard to a weight challenge following a bench trial).

Appellant's argument in support of his weight claim is the same as the sufficiency argument. Appellant highlights Ms. Little's trial testimony that her injuries were not Appellant's fault, that the police fabricated her statement, and that her preliminary hearing testimony was the result of

threats by the ADA, and contends her trial testimony was weightier than her prior inconsistent statements. Appellant's brief at 14-16.

The trial court offered the following discussion of Appellant's claim.

> Acting within its province as fact-finder, th[e trial] court found Ms. Little's prior statement and testimony at the preliminary hearing credible and her testimony at trial incredible. This determination was amply supported by corroborating evidence, including Officer Gallagher's personal observation of the victim's bruised face and Ms. Little's excited utterance describing the assault when the officer first arrived on scene. Because the verdict did not shock one's sense of justice, the court did not abuse its discretion in denying defendant's weight of the evidence claim.

Trial Court Opinion, 4/5/17, at 6.

As discussed above, Ms. Little offered two entirely-consistent accounts of Appellant's brutal attack upon her. It was well within the province of the fact-finder to determine that those accounts were credible and her in-court recantation was not. Thus, we find no abuse of discretion on the part of the trial court in holding that the verdict did not shock its conscience, and Appellant is entitled to no relief from this Court on his weight-of-the-evidence claim.

Appellant's final issue is a challenge to the discretionary aspects of his sentence. The following principles apply to our review.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (some citations omitted).

Appellant filed a notice of appeal after preserving his issues by including them in a motion to modify sentence and his Pa.R.A.P. 1925(b) statement. Further, Appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f), in which he claims that the trial court's imposition of the statutory maximum sentence was "more punitive than rehabilitative" and, therefore, manifestly excessive. Appellant's brief at 12. This Court has found that a substantial question was presented by an excessiveness claim combined with allegations that the trial court consider mitigating factors. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014).

As such, we shall consider the merits of Appellant's sentencing claim. We begin by noting that, "[w]hen imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential

for rehabilitation." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014) (citations and quotation marks omitted).

"When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1134 (Pa.Super. 2009). We review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Antidormi***, ***supra*** at 760. Moreover, where, as here, the defendant "was sentenced within the guidelines, we may reverse only if application of the guidelines is clearly unreasonable." ***Commonwealth v. Macias***, 968 A.2d 773, 777 (Pa.Super. 2009).

Appellant notes that, based upon prior-record and offense-gravity scores of three, the sentencing guidelines provided a standard range sentence of restorative sanctions to twelve months for his simple assault conviction. Appellant's brief at 23-24. Appellant contends that imposition of the sentence at the top end of the standard range is too severe because, as simple assault is a second-degree misdemeanor, the statutory maximum sentence is also twelve to twenty-four months. ***Id***. at 25-26.

The trial court responded to Appellant's contention as follows.

> Here, the court considered each of the[ statutory] factors, in addition to defendant's disrespect for the court's authority (i.e., his failure to appear at his originally scheduled sentencing hearing because "so many things [were on his] shoulders," defendant's allocution, his lack of remorse, arguments by counsel for both defendant and the Commonwealth, Ms. Little's testimony at the sentencing hearing, and the presentence report and mental health evaluation. The court imposed a guideline sentence of one to two years of incarceration on the simple assault conviction and a guideline sentence of six months to one year of incarceration on the REAP conviction. The court further ordered that the sentences run consecutive to one another so as not to depreciate the gravity of the offenses and to ensure that defendant would receive the treatment recommended in his presentence report and mental health evaluation.

Trial Court Opinion, 4/5/17, at 3-4 (citations and footnote omitted).

The trial court's reasons are supported by the record and, given the conduct at issue and Appellant's utter lack of remorse, we have no hesitation in concluding that the trial court was not clearly unreasonable in imposing consecutive, standard-range sentences, despite the fact that one constituted a statutory maximum. *See*, *e.g.*, ***Commonwealth v. Lawrence***, 960 A.2d 473, 480 (Pa.Super. 2008) (finding no merit to claim that trial court's imposition of statutory maximum sentences was unreasonable where defendant brutally beat victim, fabricated "ludicrous" story that the victim hurt herself falling out of bed, and showed no remorse).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18