J-S09034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                               :              PENNSYLVANIA
                                               :

                 v.                              :
                                             :
                                           :

SIOBHAN T. CARRASSO                   :
                                           :

             Appellant                    :      No. 2247 EDA 2021

Appeal from the Judgment of Sentence Entered November 5, 2020
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000422-2020

BEFORE:    LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED MARCH 25, 2022**

      Appellant, Siobhan Carraso, appeals *nunc pro tunc* from the judgment of sentence entered by the Court of Common Pleas of Carbon County, which, sitting as finder of fact in Appellant's bench trial, found her guilty of one count of Use/Possession of Drug Paraphernalia.[1] Additionally, Appellant's counsel has filed an Application to Withdraw and an **Anders**[2] brief. After careful review, we grant counsel's Application to Withdraw and affirm judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 35 Pa.C.S.A. § 780-113(a)(12).

[2] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

At Appellant's October 2, 2020, bench trial, she informed the trial court that she wished to represent herself. N.T., 10/2/20, at 3-4. The trial court acknowledged a prior court proceeding where Appellant had executed written waivers of both her right to counsel and her right to a jury trial in the present criminal matter, and it conducted an on-the-record colloquy and determined that her waiver was knowing, voluntary, and intelligent as required by Pa.R.Crim.P. 121(c), **see** infra. N.T. at 4-7. Accordingly, the court granted Appellant's request to self-represent.

Trial commenced with the testimony of Commonwealth witness Officer Ryan Poeldnurk of the Jim Thorpe Police Department, who recounted the events of February 3, 2020, that led to his arrest of Appellant. Specifically, Officer Poeldnurk was dispatched to Appellant's Jim Thorpe residence in response to Appellant's "911" report of harassment. N.T. at 10. Appellant invited the officer inside and showed him a mark on her face allegedly caused by a guest who had attacked her for money. N.T. at 10, 11. The guest left the residence prior to the officer's arrival, and no one other than Appellant was present. N.T. at 10.

As the officer was taking down Appellant's statement in the living room, he noticed atop a table near the entrance a pipe that contained what he recognized as burnt marijuana. N.T. at 11.[3] He directed Appellant's attention

---

[3] The Commonwealth introduced into evidence the pipe and its contents. N.T. at 12.

to the pipe, which was in plain view, and asked "rhetorically" if she knew what it was. Appellant became upset and denied ownership, claiming instead that it belonged to her guest. N.T. at 15. The officer approached the pipe and detected a burnt marijuana smell emanating from it. N.T. at 15.

Upon the completion of Officer Poeldnurk's testimony, the court advised Appellant that she possessed an absolute right to remain silent, that no inference of guilt could result from her decision to not testify, and that the Commonwealth bore the burden to prove her guilty beyond a reasonable doubt regardless of whether or not she testified. N.T. at 18. Notwithstanding the court's advisement, Appellant informed the court that she wished to testify. N.T. at 19.

On the stand, Appellant denied knowing the pipe was present in her residence until the officer questioned her about it. N.T. at 19. She asserted that the pipe belonged to her guest, who, she surmised, must have placed the pipe and a coffee mug on the table upon entering the apartment. N.T. at 19-20. Shortly thereafter, according to Appellant, the guest placed her in a headlock, dragged her to her pocketbook, dumped its contents and left with $15. N.T. at 21.

Appellant testified that after she regained her composure, she grabbed the guest's coffee mug and ran outside, where she yelled, "Oh, Lori, you forgot this," and threw it at the guest in front of witnesses. N.T. at 20. She maintained that she returned to her apartment, checked her face for injuries,

and called police, never noticing the pipe until her conversation with Officer Poeldnurk. N.T. at 21. Appellant ended her testimony by claiming she was approaching 30 years of sobriety as of July 21st. N.T. at 23-24.

The court found Appellant's testimony incredible and announced its guilty verdict. At Appellant's November 5, 2020, sentencing hearing, where Appellant continued to self-represent, the court imposed a probationary sentence of 12 months' reporting probation and completion of 50 hours' community service, plus payment of the costs of prosecution.

Immediately after sentencing, Appellant completed an application with the Carbon County Public Defender's Office seeking counsel to file an appeal on her behalf. On November 12, 2020, however, the Defender's office filed with the court a Petition for Appointment of Counsel asserting that a conflict between it and Appellant necessitated the appointment of conflict counsel.

Accordingly, the court appointed conflict counsel, who in turn filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9543, asking the court to reinstate Appellant's direct appeals rights *nunc pro tunc* due to a breakdown in communications with the Defender's office. After conducting a hearing on the PCRA petition, the court granted Appellant's request and reinstated her direct appeal rights *nunc pro tunc*.

On September 24, 2021, Appellant filed a timely notice of appeal to her November 5, 2020 judgment of sentence. On September 27, 2021, the trial

court entered an order directing Appellant to file a concise statement of matters complained of an appeal pursuant to Pa.R,A.P. 1925(b).

On October 18, 2021, counsel filed a "Statement of Intent to File **Anders**/**McClendon** Brief" pursuant to Pa.R.A.P. 1925(c)(4) indicating her intent to withdraw as counsel based on her belief that the instant appeal is frivolous. Counsel subsequently filed an application to withdraw from representation and an **Anders** brief with this Court. Appellant has not retained independent counsel or filed a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted).

In ***Santiago***, our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that she reviewed the record and concluded that Appellant's appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Appellant stating counsel's intention to seek permission to withdraw and advising Appellant of her right to proceed *pro se* or retain new counsel and file additional claims. ***See Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005).

Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Appellant's appeal is wholly frivolous. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (quotation omitted).

In the *Anders* brief, counsel sets forth the following issues that Appellant wishes to raise:

1. Has Appellant preserved his [sic] purported claim that waiver of counsel was not knowing, intelligent, and voluntary?

2. Has Appellant has [sic] raised issues at the trial court level which she wishes to raise on appeal?

3. Are Appellant's claims that the search and seizure of the evidence found valid on direct appeal?

*Anders* Brief at 5.

In the first *Anders* issue, Appellant suggests she was deprived of her right to counsel in the criminal contempt proceeding. Specifically, she contends she did not knowingly and voluntarily waive her right to counsel.

It is undisputed that Appellant was entitled to counsel at her trial for the charge of Use/Possession of Drug Paraphernalia under 35 Pa.C.S.A. § 780-113(a)(12). However, "[t]he right to self-representation is necessarily implied within the structure of the Sixth Amendment of the U.S. Constitution." *Commonwealth v. Blakeney*, 946 A.2d 645, 655 (Pa. 2008) (citation omitted). Before a defendant will be permitted to proceed *pro se*, the

defendant must knowingly, voluntarily, and intelligently waive her Sixth Amendment right to counsel. *Id*.

To ensure a proper waiver, the trial court must conduct a "probing colloquy," as described by our Supreme Court:

> The "probing colloquy" standard requires Pennsylvania trial courts to make a searching and formal inquiry into the questions of (1) whether the defendant is aware of [her] right to counsel or not and (2) whether the defendant is aware of the consequences of waiving that right or not. Specifically, the court must inquire whether or not: (1) the defendant understands that [she] has the right to be represented by counsel, and the right to have free counsel appointed if [she] is indigent; (2) the defendant understands the nature of the charges against [her] and the elements of each of those charges; (3) the defendant is aware of the permissible range of sentences and/or fines for the offenses charged; (4) the defendant understands that if [she] waives the right to counsel [she] will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules; (5) [the] defendant understands that there are possible defenses to these charges which counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and (6) the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Blakeney*, 946 A.2d at 655 (quotation omitted).

Here, the trial court conducted an on-the-record colloquy at the October 2, 2020, bench trial. Additionally, Appellant completed a written waiver of counsel form, and she specifically acknowledged she read each paragraph contained therein. N.T., 10/2/21, at 3-7.

We conclude the colloquy sufficiently covered the areas contemplated in *Blakeney*. The colloquy confirmed that Appellant: wished to represent

herself; was aware that she had the right to be represented by counsel and that if she could not afford counsel one would be appointed; was provided with notice of the charge against her; was provided with the permissible penalties and fines for the offense; understood that waiver of counsel meant a waiver of the counsel's expertise and experience; understood that she would be held to the same standards as an attorney; understood that there may be possible defenses of which counsel would be aware but she is not; understood that she may have other rights that may be lost if not timely asserted; and confirmed that no one had offered or provided her with anything or threatened her in any manner to induce her to waive her right to counsel. N.T. at 3-7.

Further, the trial court confirmed that Appellant had executed a very similar form in front of another judge before it asked her to review the written waiver one more time before she signed it. N.T. at 7. The court also provided Appellant with the opportunity to ask any questions or cite any concerns about waiving her right to counsel. *Id*.

Based on the aforementioned, we agree with the trial court that Appellant voluntarily and knowingly waived her right to counsel. *See Blakeney*.

Appellant's remaining two *Anders* issues coalesce to ask whether Officer Poeldnurk's observation and confiscation of the marijuana pipe was the product of a lawful search and, if not, whether Appellant has waived this issue

by failing to raise it in a pretrial motion to suppress. Upon review of the record, we find waiver applies to this claim.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Our Supreme Court has repeatedly emphasized the importance of issue preservation.

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*In re F.C. III*, 2 A.3d 1201, 1211–1212 (Pa. 2010) (some internal citations omitted); *accord Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (citation omitted).

Here, Appellant never raised for the trial court's consideration a challenge to the legality of Officer Poeldnurk's detection of the marijuana pipe in her home. Under the preceding authority, therefore, this claim is frivolous.

Even if we were to conduct merits review of Appellant's claim, we would find it lacking in factual and legal support. Appellant acknowledged at trial that Officer Poeldnurk entered her apartment only after responding to her call

for emergency assistance and receiving her invitation and consent to enter her residence upon his arrival at the scene. Once inside, the officer followed Appellant as she guided him through the apartment while recounting the actions that allegedly had just occurred.

It was during this time when the officer viewed the marijuana pipe in open display on a table located in Appellant's living room. As such, there can be no reasonable question that the officer viewed the contraband from a lawful vantage point.

In this respect, our jurisprudence is well-settled:

> Whether the police have consent to enter and search a residence is an issue of credibility "properly left to the trier of fact for resolution." *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417, 419 (1978). Once inside a residence, the plain view doctrine permits a warrantless seizure of evidence when an officer views it from a lawful vantage point, and it is immediately apparent that that object is incriminating. *Commonwealth v. Petroll*, 558 Pa. 565, 738 A.2d 993, 999 (1999).

*Commonwealth v. Yorgey*, 188 A.3d 1190, 1198 (Pa. Super. 2018).

The trial court, sitting as finder of fact, viewed the testimonies of Officer Poeldnurk and Appellant as consistent on the point that the officer was properly conducting his investigation into Appellant's complaint when he noticed the marijuana pipe in plain view. Accordingly, even if Appellant had preserved her challenge to the lawfulness of the officer's observation and confiscation of the pipe, the record belies her claim.

After examining the issues contained in the brief, we agree with counsel that the appeal is wholly frivolous. Furthermore, after conducting a full

examination of all the proceedings as required pursuant to ***Anders***, we discern no non-frivolous issues to be raised on appeal. ***See Yorgey***, 188 A.3d at 1195. Thus, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/2022